UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA,<br><br>  Plaintiff,<br><br>  v.<br><br>NAVARRO, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01254-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS NAVARRO AND RAMIREZ SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE**<br><br>21-DAY DEADLINE |

Plaintiff Ruben Figueroa is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On July 6, 2021, the Court issued an order directing service of process on Defendants Navarro, Ramirez, and Phi. (Doc. 14.) On August 20, 2021, the U.S. Marshals Service filed a return of service unexecuted as to Defendants Navarro and Ramirez. (Doc. 19.)

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by

having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the U.S. Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

Here, the California Department of Corrections and Rehabilitation (CDCR) attempted service on Defendants Navarro and Ramirez through the Court's e-service pilot program. (*See* Docs. 14, 17.) However, the CDCR indicated that it could not identify these defendants with the information provided, given that multiple correctional officers at the time and place of the incidents underlying this action possessed the same last names as the defendants. (*See* Doc. 17.) Thus, Defendants Navarro and Ramirez could not be served via the e-service program. The U.S. Marshal Service then attempted service on these defendants, but it too could not identify them with the information provided. (Doc. 19.)

Plaintiff has therefore provided insufficient information to identify Defendants Navarro and Ramirez for service of process. If Plaintiff is unable to provide the U.S. Marshal with sufficient information, the Court will dismiss these defendants from this action without prejudice. Pursuant to Rule 4(m), the Court will first provide Plaintiff with the opportunity to show cause why these defendants should not be dismissed at this time.

Based on the foregoing, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause why Defendants Navarro and Ramirez should not be dismissed from this action. Failure to respond to this order or to show good cause will result in a recommendation that these defendants be dismissed for failure to effect service.

IT IS SO ORDERED.

Dated:   **October 27, 2021**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28