1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RUBEN FIGUEROA,                          Case No. 1:20-cv-01254-AWI-SKO (PC)

12                   Plaintiff,                **ORDER GRANTING DEFENDANTS'
                                               MOTION FOR EXTENSION OF TIME TO
13            v.                               MODIFY SCHEDULING ORDER** *NUNC
                                               PRO TUNC*
14    NAVARRO, et al.,
                                               (Doc. 40)
15                   Defendants.
                                               **ORDER GRANTING DEFENDANTS'
16                                             MOTION TO MODIFY SCHEDULING
                                               ORDER**
17
                                               (Doc. 41)
18

19

20            Plaintiff Ruben Figueroa is a state prisoner proceeding *pro se* and *in forma pauperis* in

21    this civil rights action.

22            On July 22, 2022, Defendants Phi, Ramirez and Navarro filed a request for extension of

23    time to file a motion to modify the scheduling order *nunc pro tunc*. (Doc. 40.) That same date,

24    Defendants filed a motion to modify the scheduling order. (Doc. 41.) Although the deadline for

25    filing an opposition to either motion has not yet passed, the Court finds any response unnecessary

26    to its determination.

27    //

28    //

## I.    DISCUSSION AND ORDERS

### A.  Request for Extension of Time *Nunc Pro Tunc* (Doc. 40)

In the request for an extension of time to file a motion to modify the scheduling order *nunc pro tunc* (Doc. 40), counsel for Defendants states "that due to administrative error in the calendaring of deadlines, Defendants ha[ve] not yet filed their dispositive motion or a motion seeking an extension to time" of the July 21, 2022 deadline. (Doc. 40 at 3, ¶¶ 2-3.) Counsel states the failure to file a motion to modify the scheduling order was "the result of inadvertence," and the motion had "been drafted and ready for nearly two weeks," despite not having been filed with the Court. (*Id*. at ¶ 4.) Counsel does not believe Plaintiff will be prejudiced by the extension as the parties "have been maintaining contact regarding potential settlement of the case." (*Id*.) Counsel seeks an extension to file the motion to modify the scheduling order to July 22, 2022. (*Id*.) Counsel indicates the request is not made to delay this litigation, prejudice Plaintiff, or for any other improper purpose. (*Id*. at ¶ 5.)

Good cause appearing, Defendants' request for an extension of time to file a motion to modify the scheduling order *nunc pro tunc* (Doc. 40), to July 22, 2022, is **GRANTED**.

### B.  Motion to Modify the Scheduling Order (Doc. 41)

Defendants move to "continue all current deadlines in the Scheduling Order by sixty (60) days" and propose the deadlines be modified as follows:

Exhaustion motion deadline: September 9, 2022[1]

Deadline to amend pleadings: October 18, 2022

Discovery cut-off deadline: November 20, 2022

Dispositive motion deadline: January 20, 2023

(*See* Doc. 41 at 1, 5.)  Defendants contend settlement negotiations are ongoing, having resumed following defense counsel's recent return following a three-month leave of absence. (*Id*. at 3.) Defendants indicate defense counsel "is actively analyzing Plaintiff's claims, evaluating the case, and seeking settlement authority to resolve this matter without the need for further litigation."

---

[1] September 9, 2022 is believed to be typographical error. Sixty days from the original deadline (7/21/22) in the Discovery and Scheduling Order is September 19, 2022.

1  (*Id.*) Defendants indicate "Plaintiff has expressed his strong interest in settlement," and that

2  despite differences in valuation, "it is expected that the parties will reach consensus during

3  additional negotiations." (*Id.*) Defendants note that during a July 13, 2022, telephonic meet and

4  confer, "Plaintiff was amendable to the instant request to modify the Scheduling Order." (*Id.*)

5        Defendants "would like to focus their efforts on settlements without devoting resources to

6  simultaneously litigating" this case; however, in the event settlement negotiations fail or an

7  exhaustion motion becomes necessary to further narrow claims and defendants, "the parties wish

8  to preserve their right" by seeking the requested extensions. (Doc. 41 at 3-4.) Alternatively,

9  Defendants contend the Court could stay the current deadlines and issue a new order after August

10  8, 2022—the date by which "Defendants will inform the Court about the status of settlement

11  negotiations." (*Id.* at 4-5.)

12        Good cause appearing, Defendants' motion to modify the scheduling order (Doc. 41) is

13  **GRANTED.** The Discovery and Scheduling Order issued April 21, 2022 is **MODIFIED** as

14  follows:

15        Exhaustion motion deadline: **September 19, 2022**

16        Deadline to amend pleadings: **October 18, 2022**

17        Discovery cut-off deadline: **November 20, 2022**

18        Dispositive motion deadline: **January 20, 2023**

19        Defendants **SHALL** notify the Court no later than August 8, 2022, as to whether

20  settlement negotiations were successful.

21  
22  IT IS SO ORDERED.

23  Dated:   **August 1, 2022**                    */s/ Sheila K. Oberto*

24                                      UNITED STATES MAGISTRATE JUDGE

25  
26  
27  
28